UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| **JEFFREY B. FOUTCH,** | CASE NO. 6:23-CV-23-KKC |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on Plaintiff Jeffrey B. Foutch's motion for summary judgment and Defendant Acting Commissioner of Social Security's motion for summary judgment. (DEs 8, 10.) Foutch brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the denial of his claim for disability insurance. The Court, having reviewed the record, will deny Foutch's motion and affirm the Commissioner's decision.

**I.    Analysis**

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation and quotation marks omitted). To determine whether a claimant has a compensable disability under the Social Security Act (the "Act"), the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

1

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652)).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* § 404.1520(g)(1).

In denying Foutch's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. § 404.1520(a); *see, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Foutch has not engaged in substantial gainful activity since February 3, 2020, the alleged onset date. (Administrative Record ("AR") at 21.)

At step two, the ALJ determined that Foutch suffers from the following medically determinable severe impairments: neck disorder, rheumatoid arthritis, osteoarthritis, chronic obstructive pulmonary disease (COPD), chronic bronchitis, thyroid disorder, migraine headaches, Duputyren's contractures of the bilateral hands, depression, and anxiety. (*Id.*)

At step three, the ALJ found that Foutch's impairments did not meet or medically equal any of the listed impairments. (*Id.* at 22.)

At step four, the ALJ assessed Foutch's residual functioning capacity ("RFC"). (*Id.* at 24.) In making this assessment, the ALJ considered all of Foutch's symptoms to the extent that they could reasonably be accepted as consistent with objective medical evidence and other evidence. The ALJ further considered the medical opinions and prior administrative medical findings in accordance with the requirements of 20 C.F.R. § 404.1520(c). The ALJ concluded that Foutch has the RFC to perform "medium work" but with some physical and mental limitations. (*Id.*) This finding resulted in the decision that Foutch is not disabled under the Act. (*Id.* at 32.)

The ALJ's decision became the final decision of the Acting Commissioner of Social Security ("Commissioner") when the Appeals Council subsequently affirmed the decision. *See* 20 C.F.R. § 422.210(a). Foutch therefore exhausted his administrative remedies and filed an appeal in this Court. He filed a motion for summary judgment and the Commissioner filed his own motion for summary judgment in response. Accordingly, this case is now ripe for review under 42 U.S.C. § 405(g).

In his motion for summary judgment, Foutch argues that the ALJ failed to properly evaluate the medical evidence when assessing his RFC. (DE 8-1 at 8.) He claims that this alleged error indicates that the ALJ's decision was not supported by substantial evidence. The Court finds this argument unpersuasive for the following reasons.

3

### A.     Physical Limitations

Foutch argues that the ALJ "completely disregarded the report of the only examining consultative exam from [APRN] Leigh-Ann Meade." (*Id.* at 9.) Meade found that Foutch had "reduced range of motion in his neck with complaints of pain and mild [paraspinal] tenderness in his lumbar spine." (*Id.* at 10.) Further, the ALJ noted that Foutch was "not able to make a tight fist bilaterally and his grip strength was reduced to 4/5 on the right but was full 5/5 on the left." (AR at 26.) Foutch claims that the ALJ's finding that he could perform medium work is not supported by substantial evidence because such a finding conflicts with Meade's finding that he could only perform light work. (DE 8-1 at 10.) He also points to opinions of Drs. Daniel Meece and P. Saranga, which "both imply that the Claimant [should] be limited to a reduced range of medium exertion." (*Id.*)

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017). The Court must look to the record to determine whether the ALJ's decision is supported by substantial evidence—which has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The ALJ's decision must be read holistically. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).

Foutch suggests that the ALJ "completely disregarded" Meade's consultative exam—but the ALJ's decision refutes such a claim. The ALJ discussed Meade's examination and how her findings compared to Foutch's other physical exams. (*See* AR at 26.) The ALJ noted Meade's findings of reduced range of motion, reduced grip strength in one hand, and complaints of joint pain. (*Id.*) The ALJ further noted that Foutch was "able to perform fine manipulation and gross dexterous movements with each hand, oppose his thumb to each

4

finger bilaterally, and exhibited good manual dexterity[.]" (*Id.*) The ALJ compared these findings to other physical exams, assessing Foutch's reports of contractures in his feet and noting such complaints were only present in the treatment notes of two visits. (*Id.*)

The ALJ cited numerous physical exams and other evidence in his decision. He discussed Foutch's own testimony regarding his physical symptoms (*id.* at 25), examinations done by Foutch's primary care provider (*id.* at 26), respiratory exams and chest x-rays showing Foutch's COPD (*id.*), and Foutch's admissions to not taking medication as prescribed or following diet and exercise recommendations (*id.* at 26-27). It is inaccurate to claim that the ALJ disregarded Meade's consultative exam; the ALJ used Meade's findings, both beneficial and detrimental to Foutch's claim, to determine the proper RFC.

In support of an RFC of medium work, the ALJ explained that Foutch was able to perform fine manipulation and gross dexterous movements with each hand. (*Id.* at 26.) Further, the ALJ noted that Foutch's gait was "steady with stable station"; he could move without the use of an assistance device; he could walk on his heels and toes, perform a full squat, and exhibited normal reflexes and sensation; he only received routine and conservative care in regard to his medication; his x-rays showed only mild degenerative changes in his spine and knees; and some respiratory exams "remained within normal limits showing normal chest expansion" despite some outlier exams. (*Id.*) The ALJ's ultimate determination is not invalidated because the ALJ deviated from one medical opinion among many—so long as the determination is properly supported by the record. Accordingly, the Court finds that the ALJ properly evaluated the medical evidence regarding Foutch's physical limitations.

    **B.    Mental Limitations**

Foutch again claims that the ALJ "disregarded" the medical evidence—this time, Reba Moore's report on Foutch's psychological issues. (DE 8-1 at 11.) He argues that the

ALJ's findings of "slight [mental] limitations" contradicted his testimony, the record, and Moore's report. (*Id.*) He does not elaborate on this particular claim.

Similar to Meade's consultative exam, the ALJ did not improperly evaluate or disregard Moore's report. The ALJ noted that, during Moore's evaluation, Foutch "was cooperative and friendly" and "related in a logical and coherent manner." (AR at 27.) The ALJ explained that Moore administered the Wechsler Adult Intelligence Scale and Foutch "fell in the low average range." (*Id.*) Further, his full scale intelligence quotient fell in the average range, his verbal comprehension and working memory indices fell in the low average range, and his processing speed index fell in the borderline range. (*Id.*) Another test indicated that his math computation and word reading skills fell in the average range. (*Id.*) Because of these results and tests indicating that Foutch experienced "some social detachment and reduced interest in social interactions," Moore diagnosed the claimant with persistent depressive disorder with intermittent major depressive episodes, moderate severity; generalized anxiety disorder; and opioid use disorder, in remission with Suboxone. (*Id.*)

The ALJ contrasted some of Moore's findings with other psychiatric exams performed by Foutch's primary care providers, which were "repeatedly within normal limits, showing alert and cooperative behavior, normal mood and affect, and normal attention and concentration." (*Id.*) The ALJ also pointed out that Foutch had not received mental health treatment from any mental health provider, nor has he required hospitalization to address his mental limitations. (*Id.*) The ALJ ultimately found that Foutch's "subjective reports of symptom intensity, persistence, and limiting effects [did] not support [his] allegations of disabling limitations" and that the medical evidence was more consistent with the assessed RFC of medium work with some physical and mental limitations. (*Id.* at 27-28.) Accordingly,

6

the Court finds that the ALJ properly evaluated the medical evidence regarding Foutch's mental limitations and his RFC determination was supported by substantial evidence.

## II.     Conclusion

For the above reasons, the Court **HEREBY ORDERS** that:

1. The plaintiff's motion for summary judgment (DE 8) is DENIED;

2. The defendant's motion for summary judgment (DE 10) is GRANTED;

3. The decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence; and

4. A judgment will be entered contemporaneously with this order.

This 15th day of February, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY